# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1579V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | Chief Special Master Corcoran |
| WILLIAM MINNER, | \* | |
| | \* | Filed: February 4, 2026 |
| Petitioner, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Laura J. Levenberg,* Muller Brazil, Dresher, PA, for Petitioner.

*Ryan D. Pyles,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING PETITION'S MOTION FOR RECONSIDERATION[1]

On July 15, 2021, William Minner filed a Petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition, dated July 15, 2021 (ECF No. 1) ("Pet."). Petitioner alleges that an influenza vaccine he received on August 31, 2020, caused him to develop brachial neuritis. Pet. at 1. I issued my decision in this case denying entitlement on September 25, 2025. Decision, dated Sep. 25, 2025, (ECF No. 54). No further appeal was taken.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

Petitioner filed his motion for attorney's fees and costs accrued while litigating this claim. Motion for Attorneys' Fees and Costs, dated Dec. 9, 2025, (ECF No. 58). I granted Petitioner's motion in part, finding it appropriate to reduce Ms. Levenberg's hourly rate, and also reduce Petitioner's expert's, Dr. Akbari's, hourly rate and hours worked on the matter. Decision, dated Sep. 25, 2025 (ECF No. 54) at 4–7.

On January 22, 2026, William Minner filed a motion for reconsideration of my fees decision. Motion, dated Jan. 22, 2026 (ECF No. 61). He requests that I reconsider my reduction of Ms. Levenberg's 2022 hourly fee rate from the requested $350 an hour to $275 an hour. *Id.* at 3. Petitioner argues that Ms. Levenberg's fee reduction was based on prior caselaw that inaccurately calculated how many years Ms. Levenberg had been litigating, and therefore reduced her rate to reflect the appropriate hourly rate for a less experienced attorney. *Id.* at 1 (discussing *Milligan v. Sec'y of Health & Hum. Servs.,* No. 21-1382V, 2023 WL 2054232, at (Fed. Cl. Spec. Mstr. Feb. 17, 2023) (awarding Ms. Levenberg an hourly rate of $350 after concluding $275 an hour was below the appropriate fee range for an attorney with her experience)). He therefore requests that she be awarded an additional $2,257.50 in fees.[3]

Vaccine Rule 10(e) governs motions for reconsideration of a special master's decision, and provides that "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision . . . ." Vaccine Rule 10(e)(1). Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3). It is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute).

Here, I find that the interests of justice support reconsideration of my earlier decision. **Accordingly**, and in the exercise of my discretion, I hereby grant the motion for reconsideration— the prior decision dated January 20, 2026, is VACATED. Following this order, I will issue a new attorneys' fees and costs decision reflecting the reasoning set forth in this order.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Calculated by: ($350/hour – $275/hour = $75/hour) x (30.1 total hours worked in 2022 by Ms. Levenberg) = $2,257.50.